UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY T. ALLEN,<br><br>                  Petitioner,<br><br>vs.<br><br>ALBERTO RAMIREZ, JAY CHRISTENSEN, LIZ NEVILLE, RANDALL L. VALLEY,<br><br>                  Respondents. | Case No. 1:22-cv-00037-DKG<br><br>**INITIAL REVIEW ORDER** |

      Pending before the Court in this habeas corpus action is Petitioner Zachary T. Allen's Petition for Writ of Habeas Corpus challenging his Idaho state court conviction for felony forgery. Dkt. 4. The judgment of conviction in that case was entered on April 29, 2019, in the Seventh Judicial District Court in Bonneville County, Idaho.

      The Court must review each newly-filed habeas corpus petition to determine whether it should be served, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the

**INITIAL REVIEW ORDER - 1**

petitioner is not entitled to relief in the district court," the petition must be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. Dkt. 9. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having reviewed the filings, the Court has determined that Petitioner can proceed to the next stage of litigation.

## REQUEST TO PROCEED ON SECOND HABEAS CORPUS PETITION

Petitioner previously brought a federal habeas corpus case challenging the same judgment in Case No. 1:20-cv-00217-BLW, *Allen v. Christensen*. The petition in that case was dismissed without prejudice on August 12, 2020. *See* Dkt. 8 in that action. In this case, Petitioner has submitted an Application for Leave to File Second or Successive Petition (which ordinarily must be filed in the court of appeals, not the district court). Dkt. 1. However, the misfiling is of no consequence, as leave to file the new petition is not needed in this case. Because the prior case was dismissed without prejudice, the rule governing second or successive petitions does not apply to foreclose the current petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

## REVIEW OF PETITION

1. **State Law Claims**

As a basis for relief for several of his claims, Petitioner asserts that state actors violated several Idaho statutes and constitutional provisions. Federal habeas corpus relief

is a narrow remedy, granted only when the State has violated the federal Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief generally is "unavailable for alleged errors in the interpretation or application of state law." *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1994) (citation and quotation marks omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (federal habeas courts may not "reexamine state court determinations on state law questions"). Therefore, Petitioner cannot proceed on any claim arising from the Idaho code or the Idaho constitution, and these claims will be summarily dismissed.

   2. **Claim 1(a): Probable Cause for Arrest**

Petitioner alleges that he suffered "illegal arrest, wrongful imprisonment, conspiracy, purjury" Dkt. 4, p. 6 (verbatim). He asserts that he was arrested without probable cause. Although Petitioner lists several constitutional amendments as the legal basis for these claims, the one that appears applicable is the Fourth Amendment, which protects individuals before and during arrest.[1]

Fourth Amendment claims are treated in a unique manner in habeas corpus actions. When a State has provided a defendant with an opportunity for full and fair litigation of a Fourth Amendment claim, it may not be relitigated by a federal district court in a habeas corpus action, "regardless of its view of the correctness of the state decision." *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977) (relying on *Stone v. Powell*,

---

[1] The Court will also entertain any other legal theory properly presented to the Idaho Supreme Court.

**INITIAL REVIEW ORDER - 3**

428 U.S. 465, 481–82 (1976) (Fourth Amendment issues are not cognizable on federal habeas review); *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986). Thus, the threshold issue for a Fourth Amendment claim is whether petitioner had an initial opportunity for a fair hearing in state court. *See Caldwell*, 781 F.2d at 715. The narrow question is "whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *see also Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). The petitioner bears the burden of establishing that the state courts did not consider the Fourth Amendment claim fully and fairly. *Mack*, 564 F.2d at 901.

*Powell* does not specify a particular test for determining whether a state provided a defendant with an opportunity for full and fair litigation of a Fourth Amendment claim. To aid in determination of this question, federal district courts in the Ninth Circuit review the transcripts and briefing from the state trial and appellate courts. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1178-1179 (9th Cir. 1990) (citing *Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981)), *cert. denied*, 499 U.S. 979 (1991).

Petitioner may proceed to the threshold determination of whether he had an opportunity for full and fair litigation of his Fourth Amendment claims in state court. That question will be determined after the Court's review of the state court record that will be furnished by Respondent. In most instances, the respondent will file a motion for

**INITIAL REVIEW ORDER - 4**

summary dismissal addressing this issue. Petitioner need not further brief this issue until Respondent briefs it, and then Petitioner may submit responsive briefing.

   3. **Claim 1(c), 2, 3, 4:** *Miranda* **rights**

Petitioner asserts that during his arrest, he was not read his *Miranda* rights by arresting officers, but they "continued to harass, intimi[date], and threatened him" while placing him in custody. He was placed in a police headquarters interrogation room with his hands handcuffed to a chair and his feet restrained. When officers asked him questions and he refused to answer, they allegedly kicked his legs and twice slapped him across the face with an open hand.

Petitioner asked for an attorney, but the officers ignored him. Petitioner remained silent, and so officers took him to a holding cell for several hours and then returned him to the interrogation room later that day and again the following day. Petitioner says he finally broke down and admitted the crime. Dkt. 4, p. 9. It is unclear whether he pursued a motion to suppress his inculpatory statements in his criminal case.

Prior to subjecting a suspect to custodial interrogation, law enforcement officers must inform the suspect that he has the right to remain silent and the right to counsel. *Miranda v. Arizona*, 384 U.S. 436 (1966). If a suspect knowingly and intelligently waives his right to counsel after receiving *Miranda* warnings, law enforcement officers may question the suspect. *North Carolina v. Butler*, 441 U.S. 369 (1975). However, if a suspect requests counsel, any interrogation must cease until the suspects consults with a

**INITIAL REVIEW ORDER - 5**

lawyer or re-initiates communication with law enforcement officers. *Edwards v. Arizona*, 451 U.S.477 (1981).

Petitioner asserts that he raised some portions of the *Miranda* claim on direct appeal. He also raised some portions of this claim in his post-conviction action, but the district court ruled that the allegations were irrelevant. Dkt. 4, p.7. Petitioner will be permitted to proceed on the merits to the extent that the claim is properly exhausted. Or, if the claim was not properly presented to the Idaho Supreme Court, the claim will be considered procedurally defaulted (as explained below), and Petitioner may proceed only to the extent that he can meet one of the exceptions to that bar.

### 4. Claim 1(b) and 2: Arresting Officers' Treatment of Petitioner

Petitioner alleges that arresting officers committed "mayhem, malicious harassment, [and] intimidation" during his arrest. Dkt. 4, p. 6 (verbatim). He also alleges that the kicking and slapping incident during interrogation amounts to excessive force and battery. While these actions may have violated Petitioner's constitutional rights, they do not affect an analysis of whether he committed the crimes or whether he was afforded constitutional protections in the process of conviction and sentencing. These claims may be presented in a separate civil rights lawsuit under 42 U.S.C. § 1983, but they are not cognizable in a habeas corpus action. They will be summarily dismissed.

## MOTION TO APPOINT COUNSEL

Petitioner requests appointment of counsel. He asserts that the issues presented in this case may be too complex for him to properly pursue. He lacks the knowledge and skill to represent himself and states that he required assistance from another person to prepare his pleadings.

A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Presently, neither discovery nor an evidentiary hearing is needed, and Petitioner has been able to adequately assert his claims in his pro se filings. The Court will have access to the arguments Petitioner's state court counsel made in the district court and on appeal. Because the federal claims asserted in state court must be the same claims he asserts here, state counsels' arguments are considered by the Court without the need for Petitioner to make additional arguments, unless he desires. In addition, because the Court is aware that few habeas corpus petitioners qualify for appointment of counsel, the Court

**INITIAL REVIEW ORDER - 7**

conducts its own independent research and does not rely solely on the arguments contained in the state court record or Respondent's citations and arguments.

For these reasons, the motion for appointment of counsel will be denied at this time, but the Court will reconsider Petitioner's request for appointment of counsel at each phase of litigation without the need for him to file another motion. In addition, if Petitioner finds that he needs additional time to submit responses to any orders or motions, the Court ordinarily will grant reasonable motions for extensions of time based on a litigant's pro se status.

## STANDARDS OF LAW FOR PETITIONER'S USE

Given Petitioner's status as a pro se litigant, the Court provides the following habeas corpus standards of law which may apply to Petitioner's case, depending on Respondent's response.

1. **Exhaustion of State Court Remedies**

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either (1) legitimate cause for the default and prejudice resulting from the default, or, alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

An attorney's errors that rise to the level of a violation of the Sixth Amendment's right to effective assistance of counsel may, under certain circumstances, serve as a cause

**INITIAL REVIEW ORDER - 9**

to excuse the procedural default of other claims. *Murray*, 477 U.S. at 488. However, an allegation of ineffective assistance of direct appeal counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of direct appeal counsel claim is, itself, not procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of direct appeal counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of direct appeal counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to another related but different topic–errors of counsel made on *post-conviction review* that cause the default of other claims–the general rule on procedural default is that any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman*, 501 U.S. at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494

(1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

2. **Merits Determination**

For any properly-exhausted claim, a petitioner bears the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under § 2254(d)(1), review is limited to the record that was before the state court that adjudicated the claim on the merits, and new

factual development generally is not permitted. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

If the state appellate court did not decide a properly-asserted federal claim, if the state court's factual findings are unreasonable under § 2254(d)(2), or if an adequate excuse for procedural default exists, then § 2254(d)(1) does not apply, and the federal district court reviews the claim de novo. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). The de novo review standard permits a district court to draw from both United States Supreme Court and circuit precedent, limited by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989). Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. In other de novo review instances, a petitioner may be permitted to bring new evidence in the federal habeas corpus proceeding only if he or she shows an entitlement to do so under 28 U.S.C. § 2254(e)(2). *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application for Leave to File Second or Successive Petition (Dkt. 1) is DENIED as MOOT.

2. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 2) is CONDITIONALLY GRANTED. Plaintiff must file a replacement "Statement of

Prisoner Trust Account" within 30 days, because the one he has filed has no authorized signature and no attachment showing his account ledger.

3. Petitioner's Motion for Appointment of Counsel (Dkt. 6) is DENIED without prejudice.

4. Petitioner's claims based on Idaho code and the Idaho constitution are DISMISSED for failure to state a federal claim upon which relief can be granted.

5. Petitioner's claims of "mayhem, malicious harassment, intimidation," excessive force and battery are DISMISSED for failure to state a federal habeas corpus claim, but they are dismissed without prejudice to Petitioner bringing them in a civil rights action in state or federal court.

6. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 4), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

7. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an

INITIAL REVIEW ORDER - 13

answer and brief, the Court first will determine the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or for any claims not disposed of on the merits that appear subject to procedural defenses, the Court next will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

8. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

9. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

**INITIAL REVIEW ORDER - 14**

10. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

11. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

12. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

13. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

14. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly

identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

15. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

16. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

17. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: June 21, 2022

_____
Honorable Debora K. Grasham
United States Magistrate Judge